IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENE PENA HERNANDEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0678-B |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Rene Pena Hernandez, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled *nolo contendere* to aggravated sexual assault of a child in 1992. The trial court deferred an adjudication of guilt and placed petitioner on probation for five years. In 2000, while on probation for aggravated sexual assault, petitioner was charged with sexual assault of a child. The state filed a motion to proceed with an adjudication of guilt based on the new charge. The trial court revoked petitioner's probation, found him guilty of aggravated sexual assault of a child, and sentenced him to 30 years confinement. At the same hearing, petitioner pled guilty to sexual assault of a child and was sentenced to 20 years confinement. Petitioner did not timely appeal his aggravated sexual assault conviction. An appeal of his sexual assault conviction was

dismissed for want of jurisdiction. *Hernandez v. State*, No. 05-02-00856-CR (Tex. App.--Dallas, Feb. 28, 2003, pet. ref'd). When petitioner discovered that his attorney did not appeal his conviction for aggravated sexual assault, he sought state post-conviction relief in the form of an out-of-time appeal. The Texas Court of Criminal Appeals granted habeas relief and allowed petitioner to appeal his aggravated sexual assault conviction. *Ex parte Hernandez*, No. 53,161-01 (Tex. Crim. App. Sept. 18, 2002). That appeal also was dismissed for want of jurisdiction. *Hernandez v. State*, No. 05-02-01733-CR (Tex. App.--Dallas, Jun. 27, 2003). A petition for discretionary review was dismissed as untimely. *Hernandez v. State*, No. PD-1282-03 (Tex. Crim. App. Oct. 29, 2003). Petitioner then filed this action in federal court.

II.

Petitioner challenges his aggravated sexual assault and sexual assault convictions on multiple grounds. Specifically, petitioner contends that: (1) the trial judge improperly allowed a courtroom bailiff to testify after "the rule" excluding witnesses had been invoked; (2) his confession was coerced; (3) he received ineffective assistance of counsel; and (4) his guilty pleas were involuntary.

In his answer, respondent argues that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but has failed to do so.[1] The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In

---

[1] On August 26, 2005, the order directing petitioner to file a reply was returned to the court in an unopened envelope marked "undeliverable." Apparently, petitioner either has been transferred or released from TDCJ-ID custody and has not notified the court of his current address.

most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner is serving a 30-year sentence for aggravated sexual assault of a child and a 20-year sentence for sexual assault of a child. Judgments in both cases were entered on January 17, 2002. Petitioner did not timely appeal his aggravated sexual assault conviction. Therefore, that conviction became final 30 days thereafter on February 18, 2002. *See* TEX. R. APP. P. 26.2.[3] On April 23, 2002, petitioner filed an application for state post-conviction relief seeking leave to file an out-of-time appeal. The application was granted on September 18, 2002. His appeal was dismissed for want of jurisdiction on June 27, 2003. A *pro se* petition for discretionary review was dismissed as

---

[2] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[3] The 30th day after judgment was entered fell on Saturday, February 16, 2002. As a result, petitioner had until the following Monday, February 18, 2002, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

untimely on October 29, 2003. Petitioner did not file another application for state post-conviction relief. Instead, he filed this action in federal court on April 1, 2005.

Petitioner timely appealed his sexual assault conviction. That appeal was dismissed for want of jurisdiction on February 28, 2003. The Texas Court of Criminal Appeals refused a petition for discretionary review on September 3, 2003. Therefore, petitioner's conviction became final 90 days thereafter on December 2, 2003, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner did not seek further review of his sexual assault conviction until he filed this action on April 1, 2005.

The AEDPA statute of limitations on petitioner's aggravated sexual assault conviction started to run on February 18, 2002. The statute was tolled from April 23, 2002 until October 29, 2003, a total of 554 days, while petitioner sought and obtained leave to file an out-of-time appeal and pursued his appellate remedies. *See Salinas v. Dretke*, 354 F.3d 425 (5th Cir.), *cert. denied*, 124 S.Ct. 2099 (2004). Yet petitioner waited more than a year after the dismissal of his untimely petition for discretionary review to seek federal habeas relief with respect to his aggravated sexual assault conviction. Similarly, petitioner waited more than a year to seek federal habeas review of his sexual assault conviction. The AEDPA statute of limitations on that conviction started to run on December 2, 2003. However, petitioner waited until April 1, 2005 to file a federal writ. No explanation has been offered to justify this delay. The court therefore determines that petitioner's claims are time-barred.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:    September 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE